UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 97-684-CR-MORENO(S)(S) |
| ) | 21 U.S.C. 963 |
| Plaintiff, ) | 21 U.S.C. 846 |
| ) | |
| v. ) | |
| ) | |
| ) | SUPERSEDING INDICTMENT |
| VADIM GOUBINE, and ) | |
| OLEG KIRILLOV, ) | |
| Defendants. ) | |
| _____) | |

The Grand Jury charges that:

## COUNT I

From in or about January, 1996, to on or about December 22, 1997, the exact dates being unknown to the Grand Jury, in Dade County, in the Southern District of Florida, and elsewhere, the defendants,

VADIM GOUBINE, and
OLEG KIRILLOV,

did knowingly and intentionally combine, conspire, confederate and agree with each other, and with persons known and unknown to the Grand Jury, to export from the United States, a Schedule II narcotic controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 953(a); all in violation of Title 21, United States Code, Section 963.

## COUNT II

From in or about January, 1996, to on or about December 22, 1997, the exact dates being unknown to the Grand Jury, in Dade County, in the Southern District of Florida, and elsewhere, the defendants,

VADIM GOUBINE, and
OLEG KIRILLOV,

did knowingly and intentionally combine, conspire, confederate and agree with each other, and with persons known and unknown to the Grand Jury, to possess with intent to distribute a Schedule II narcotic controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

A TRUE BILL

_____
FOREPERSON

_____
THOMAS E. SCOTT
UNITED STATES ATTORNEY

_____
MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**        CASE NO. _____

v.                                   **CERTIFICATE OF TRIAL ATTORNEY***

VADIM GOUBINE, et al                 **Related Case Information**:
                                     SUPERSEDING        Yes  _x_   No ___
**Court Division**: (Select One)     New Defendant(s)   Yes  _x_   No ___
                                     Number of New Defendants    _1_
_x_  Miami    ___  Key West          Total number of counts      _2_
___  FTL      ___  WPB ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No) _Yes_
   List language and/or dialect  _Russian_

4. This case will take _21_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                          (Check only one)

   I    0 to 5 days     ___        Petty      ___
   II   6 to 10 days    ___        Minor      ___
   III  11 to 20 days   ___        Misdem.    ___
   IV   21 to 60 days   _x_        Felony     _x_
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No) _Yes_
   If yes:
   Judge: _Federico Moreno_          Case No. _97-684-CR-MORENO(S)_
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) _Yes_
   If yes:
   Magistrate Case No.  _97-7604-CR-PALERMO_
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _12/22/97 (Kirillov); 8/21/97 (Goubine)_
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

7. This case originated in the U.S. Attorney's office prior to August 16, 1985
   (Yes or No) _No_

                                     _____
                                     MICHAEL J. DITTOE
                                     ASSISTANT UNITED STATES ATTORNEY

*Penalty Sheet(s) attached                              REV.12/12/96
                                                        A:\KIRILLOV.TRL

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: __VADIM GOUBINE__   No: 97-684-CR-MORENO(S)(S)

Count #: I
  CONSPIRACY TO EXPORT COCAINE

*Max. Penalty: LIFE IMPRISONMENT

Count #: II
  CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE

*Max. Penalty: LIFE IMPRISONMENT

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: __OLEG KIRILLOV__

No: __97-684-CR-MORENO(S)(S)__

Count #: I
__CONSPIRACY TO EXPORT COCAINE__

*Max. Penalty: LIFE IMPRISONMENT

Count #: II __CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE__

*Max. Penalty: LIFE IMPRISONMENT

Count #:

*Max. Penalty:
Count #:

*Max. Penalty:
Count #:

*Max. Penalty:
Count #:

*Max. Penalty:
Count #:

*Max. Penalty:
*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96

No. ____

# UNITED STATES DISTRICT COURT

SOUTHERN District of FLORIDA

SOUTHERN Division

## THE UNITED STATES OF AMERICA

vs.

OLEG KIRILLOV, and
VADIM GOUBINE

## INDICTMENT

21 USC 963
21 USC 846

A true bill.

_James L Brown_
Foreman

Filed in open court this 30th day,
of December A.D. 19 97

_John N. Tobin_
Deputy _____ Clerk

Bail, $ ____

*ATTENTION DOCKET CLERK, RECORDS SECTION & SCANNING*

*THIS MAGISTRATE FILE - CASE NO. 96-7064-PALERMO* 97

*U.S.A. VS OLEG KIRILLOV*

*IS TO BE FILED IN INDICTED CASE NO. 97-684-CR-MORENO(S)(S)*

*THE DEFENDANT WAS ADDED TO EXISTING CRIMINAL CASE ON A SUPERSEDING INDICTMENT FILED ON 12/30/97*

**CASE NUMBER:** 97-7604-PALERMO

7604

## INTERPRETER REQUIRED IN CASE

**FOREIGN LANGUAGE:** RUSSIAN

**DEFENDANT(S):** OLEG KIRILLOV

CRINTERP.FRM....10/13/94

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

Plaintiff,

CASE NO. 97-7604

vs.

NOTICE OF APPEARANCE AS
PERMANENT COUNSEL

OLEG KIRILLOV,

Defendant.
_____/

    **COMES NOW** the undersigned counsel and files this Notice of Permanent Appearance on behalf of the Defendant, Oleg Kirillov. Counsel agrees to represent the Defendant for all proceedings arising out of the transaction with which the defendant is presently charged in the above styled cause.

    Counsel hereby states that his appearance is unconditional and in conformity with the requirements of all applicable Federal and Local Rules of this District.

    Counsel acknowledges responsibility to advise the Defendant of the right of appeal, to file a timely notice of appeal if requested to do so by the Defendant, and to pursue that appeal unless relieved by Court Order.

    Fee disputes between counsel and client shall not be a basis for withdrawal from this representation.

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed/delivered to the Office of the United States Attorney at 299 E Broward Blvd., Ft. Lauderdale, FL, on this 29th day of December, 1997.

                                     Carl J. Mecke, P.A.
                                     5740 Hollywood Boulevard
                                     Suite 300
                                     Hollywood, Florida 33021
                                     (305) 541-8008
                                     (954) 964-0007
                                     By: _____
                                     Terence Lenamon
                                     FL Bar No.: 970476

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. ~~97-7604~~ 7064
PALERMO

UNITED STATES OF AMERICA,

v.

DEC 24  **NOTICE OF TEMPORARY APPEARANCE AS COUNSEL**

Oleg Kirillov

COMES NOW ___Terence Lenamon___ and files this temporary appearance as counsel for the above named defendant(s) at initial appearance. This appearance is made with the **understanding** that the undersigned counsel will fulfill any **obligations imposed** by the Court such as **preparing and filing documents** necessary to collateralize any **personal surety bond** which may be set.

Counsel's Name (Printed) ___Terence Lenamon___

Counsel's Signature ___Terence Lenamon___

Address ___5740 Hollywood Blvd___
___Hollywood FL___   ZIP CODE: ___33120___

Telephone ___(954) 964-0007___



koia.

DEC 26 1997

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 97-7604-PALERMO

UNITED STATES OF AMERICA

Plaintiff,

v.

OLEG KIRILLOV (J) 57990-004
Defendant.  DOB 4/24/67

**ORDER ON INITIAL APPEARANCE**
Language __RUSSIAN__
Tape No. 97E-52-3220
AUSA _Mike DiHoe_
Agent FBI/MICHAEL DITTOE
954 256-7255

The above-named defendant having been arrested on __12/22/97__ having appeared before the court for initial appearance on __12/26/97__ and proceedings having been held in accordance with F.R.C.P. 5 or 40(a), it is thereupon **ORDERED** as follows:

1. _Terrence LeBennan_ appeared as permanent/(temporary) counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____

2. _____ appointed as permanent counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____

3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on __12/30__

4. Arraignment/Preliminary/Removal/Identity hearing is set for __10am__ __1/9__, 1997.

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____, 1997. A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for __10am__ __12/31__, 1997.

6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142: _____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
__ a. Surrender all passports and travel document to the Pretrial Services Office.
__ b. Report to Pretrial Services as follows: ___times a week by phone, ___time a week in person; other: _____
__ c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
__ d. Maintain or actively seek full time gainful employment.
__ e. Maintain or begin an educational program.
__ f. Avoid all contact with victims of or witnesses to the crimes charged.
__ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
__ h. Comply with the following curfew: _____
__ i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.

___j. Comply with the following additional special conditions of this bond: _____
_____

This bond was set: At Arrest _____
                   On Warrant _____
                   After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at Miami, Florida, this 26TH day of DECEMBER, 1997.

_____
**UNITED STATES MAGISTRATE JUDGE**
**PETER R. PALERMO**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

# UNITED STATES DISTRICT COURT
## Southern District of Florida

UNITED STATES OF AMERICA  
  Plaintiff

-vs-

KIRILLOV    OLEG  
  Defendent

Case Number  
REPORT COMMENCING CRIMINAL ACTION

97-7064-PALERM

57990004  
USMS NUMBER

****************************************************************************

TO:   N/A

****************************************************************************

All items are to be completed. Information not applicable or unknown will be indicated "N/A".

(1) Date and Time of Arrest:   12/22/97        N/A

(2) Language Spoken:   RUSSIAN/ENG

(3) Offense(s) Charged:   CONSP TO EXPORT COCAINE

(4) U.S. Citizen   [ ] Yes   [X] No   [ ] Unknown

(5) Date of Birth:   4/24/67

(6) Type of Charging Document: (check one)

   [ ] Indictment        [ ] Complaint to be filed/ already filed

   Case #

   [ ] Bench Warrant for Failure to Appear

   [ ] Probation Violation Warrant

   [ ] Parole Violation Warrant

Originating District:   N/A

COPY OF WARRANT LEFT WITH BOOKING OFFICER   [ ] YES   [X] NO

Amount of Bond:

Who set Bond:   N/A

(7) Remarks:   N/A

(8) Date:   12/23/97        (9) Arresting Officer:   GLEN KELLY

(10) Agency:   FBI          (11) Phone:   N/A

(12) Comments:   N/A

AO 91 (Rev. 5/85) Criminal Complaint                             AUSA Michael J. Dittoe

# United States District Court

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

UNITED STATES OF AMERICA

V.                                              **CRIMINAL COMPLAINT**

OLEG KIRILLOV                          DEC 22 1997

CASE NUMBER: 97-7604 PAL-9m

7064

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __January 1, 1997 to December 22, 1997 in Dade__ county, in the ___Southern___ District of ___Florida___ defendant(s) did, (Track Statutory Language of Offense)
(describe)

1) Conspire with others known and unknown to export cocaine a Schedule II controlled substance, from the United States, in violation of Title 21, United States Code §§ 953 and 963;

2) Use a fraudulently obtained visa in violation of Title 18, United States Code § 1546.

in violation of Titles _18 & 21_ United States Code, Section(s) _1546, 953 and 963_

I further state that I am a(n) _Special Agent, Federal Bureau of Investigation_ and that this complaint is based on the following
                                        Official Title
facts:

Please see attached affidavit.

Continued on the attached and made a part hereof:   [x] Yes [ ] No

_____
Signature of Complainant
WILLIAM MCCAUSLAND
FEDERAL BUREAU OF INVESTIGATION

The Court finds probable cause.
Sworn to before me, and subscribed in my presence,

December 22, 1997                              at _Miami, Florida_
Date                                              City and State

PETER R. PALERMO
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer              Signature of Judicial Officer

I William E. McCausland, being duly sworn and deposed, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation.

2. A confidential source, whose information has been corroborated by independent investigation, informed the undersigned on November 3, 1997 that OLEG KIRILLOV is a leader of a Russian Organized Crime Group based in Nizhniy Novgorod Russia that exports cocaine from the United States to the Russian federation. This confidential source was not acting on behalf of the United States in the transactions set forth below. The source further stated that KIRILLOV exercised control over VADIM GOUBINE, who represented KIRILLOV in the United States prior to GOUBINE's arrest. The confidential source stated that KIRILLOV exercises control over a nightclub in Moscow where cocaine is sold.

3. In early 1997, KIRILLOV and other associates met in the United States in the presence of the confidential source to discuss problems encountered by GOUBINE in supplying KIRILLOV with cocaine. KIRILLOV and his associate stated that they needed approximately 4 kilograms of cocaine per month for the foreseeable future. Thus, the amount of cocaine involved in the conspiracy exceeded 5 kilograms. KIRILLOV and his associate stated that they needed two kilograms of cocaine before they left

for Russia.

4. In the middle of 1997, KIRILLOV and an associate met with the confidential source to discuss the financing of a cocaine transaction. The associate of KIRILLOV gave $7,000 to the confidential source in order to partially finance a cocaine exportation from the United States to Russia.

5. On June 27, 1997, United States District Judge Wilkie D. Ferguson, and August 1, 1997, United States District Judge K. Michael Moore, Misc No. 97-03, issued orders authorizing the interception of the wire communications occurring over the telephone of VADIM GOUBINE, who acted on behalf of KIRILLOV in the United States.

6. On August 9, 1997, there was a court authorized interception over GOUBINE's telephone between GOUBINE and KIRILLOV. KIRILLOV and GOUBINE discussed the $7,000 that was given to the confidential source to finance a cocaine transaction. KIRILLOV asked GOUBINE where the confidential source was. GOUBINE replied that it makes no difference because he bore the responsibility. KIRILLOV also asked GOUBINE about other persons involved in the distribution of narcotics.

7. On August 18, 1997, there was a court authorized interception over GOUBINE's telephone. KIRILLOV and GOUBINE again discussed the location of the confidential source who had been given the $7,000 to finance a cocaine transaction.

8. GOUBINE was arrested on August 27, 1997. Following GOUBINE's arrest, KIRILLOV and an associate spoke with the confidential source. They stated that they learned GOUBINE, who was in custody, was not going to speak with KIRILLOV so that law enforcement would not draw a connection between GOUBINE and KIRILLOV.

9. KIRILLOV has a criminal record in Russia for fraud and burglary charges. This information was not stated on his visa application, as required by law. Accordingly, KIRILLOV, when attempting to enter the United States on December 22, 1997, knowingly used a visa obtained by fraud.

Further Affiant saith not.

_____
SPECIAL AGENT WILLIAM MCCAUSLAND

Subscribed to and sworn to before me this 22 day of December 1997.

_____
UNITED STATES MAGISTRATE JUDGE

3