UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: F97-684CR

JUDGE: MORENO

UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )
                             )
                             )
vs.                          )
                             )
                             )
OLEG KIRILLOV                )
                             )
            Defendant,       )
                             )
_____)



## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MOTION FOR "GAG" ORDER

The Defendant has moved this Court to prevent further prejudicial publicity in this case prohibiting participants from releasing information to the media. In the unique facts presented by this case, these measures are necessary and constitutionally required to protect the Defendant's right to a fair trial by an impartial jury and a reasoned and reliable determination of punishment.

In *Sheppard v. Maxwell*, 384 U.S. 333 (1966), in discussing the trial court's duty to prevent publicity from jeopardizing a criminal defendant's trial, the Supreme Court noted that "[g]iven the pervasiveness of modern communications and the difficulty of effacing prejudicial publicity from the minds of the jurors, the trial courts must take strong measures

to ensure that the balance is never weighed against the accused." 384 U.S. at 362. The Court also warned that "[n]either prosecutors, counsel for defense, the accused, witnesses, court staff nor enforcement officers coming under the jurisdiction of the court should be permitted to frustrate its function." 384 U.S. at 362. Among the steps suggested by the Court for safeguarding the impartiality of a trial were controlling the release of leads, information and gossip to the press by the police, witnesses and other trial participants and proscribing extrajudicial statements to the press by all lawyers, parties, witnesses and court officials. 384 U.S. at 359-361.

Federal and state courts have taken measures such as that sought here to prevent trial participants from contributing to prejudicial publicity. *See, e.g., Central South Carolina Chapter, Society of Professional Journalists, Sigma Delta Chi v. Martin*, 431 F.Supp. 1182 (D.S.C. 1977), *aff'd.*, 556 F.2d 706 (4th Cir. 1977), *cert. denied*, 434 U.S. 1022 (1978) (trial court prohibited trial participants from making extrajudicial statements concerning prejudicial matters not of public record, prohibited witness interviews, and proscribed certain mingling with press during trial); *United States v. Gurney*, 558 F.2d 1202 (5th Cir. 1977), *cert. denied*, 435 U.S. 968 (1977) (affirming trial court's refusal to permit the participants to make available to the press grand jury testimony, jury lists, proffered not yet admitted into the record, and evidence of untranscribed bench conference); *United States v. Tijerina*, 412 F. 2d 661 (10th Cir. 1969) (affirming contempt conviction of trial participants who violated trial court's order prohibiting statements in public or to media concerning the jury, merits of the case, evidence, witnesses, and court rulings, because of a reasonable likelihood that such disclosures would render more difficult the impaneling of a fair and impartial jury); *In Re Hinds*, 449 A.2d 483 (N.J. 1982) (approving court rules prohibiting extrajudicial comment

by counsel during criminal case).

For the foregoing reasons, this Court should sustain the motion and enter an Order prohibiting all attorneys, parties, witnesses, law enforcement personnel and court personnel, who are connected to the prosecution or investigation of this case, from extrajudicially releasing information in any form, to any agent or employee of any news media, concerning any aspect of this proceeding

Respectfully,

Carl J. Mecke, P.A.
5740 Hollywood Boulevard
Suite 300
Hollywood, Florida 33021
(305) 541-8008
(954) 964-0007

By:_____
    Terence Lenamon
    FL Bar No.: 970476